**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LIVEPERSON, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-cv-4088 |
| LODSYS, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

LivePerson, Inc. ("LivePerson"), for the Complaint for Declaratory Judgment against Lodsys, LLC ("Lodsys"), states:

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35, United States Code.

2. Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Lodsys because Lodsys's Chief Executive Officer resides in, and conducts business related to licensing and enforcement of the patents-in-suit from, this Judicial District.

4. Venue over this action is proper pursuant to the provisions of 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

5. Plaintiff herein seeks a declaratory judgment under the provisions of 28 U.S.C. § 2201.

## PARTIES

6. Plaintiff LivePerson is a leading provider of online intelligent engagement products. LivePerson is a publicly traded Delaware Corporation with its corporate headquarters and principal place of business is at 462 7th Avenue, 3rd Floor, New York, NY 10018-7832.

7. On information and belief, Lodsys is a Texas limited liability company having a place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670.

8. On information and belief, Mark Small is the Chief Executive Officer of Lodsys, residing in the greater Chicago, Illinois area.

## PATENTS-IN-SUIT

9. Lodsys is the alleged owner of several United States patents, including U.S. Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent") or 7,620,565 ("the '565 patent"), attached as Exhibits A, B, C, and D, respectively (collectively, the "Lodsys Patents"). The Lodsys Patents relate generally to gathering information from units of a commodity.

## RELATED FACTS IN SUPPORT OF DECLARATORY JUDGMENT JURISDICTION

10. Lodsys has lodged accusations of infringement of the '908 patent, the '834 patent, the '078 patent and/or the '565 patent against a number of LivePerson's customers and, at least in part, on their use of LivePerson products supplied to those customers.

11. On various occasions in 2011, Lodsys sent letters alleging that LivePerson's customers "utilize the inventions embodied in the Lodsys Patents." The letters were captioned as regarding "[i]nfringement of" the Lodsys Patents. The letters included claim charts that

compared each customer's identified product(s) to a claim from the Lodsys Patents. The letters further stated that each customer "should consider the remaining claims of that patent and the other Lodsys Patents both [with] [sic] respect to the charted utilization and with respect to other products and services offered by you." The letters also offered a license to the customers under the Lodsys Patents.

12. The customer product(s) discussed in those letters included references to LivePerson product(s) provided to those customers.

13. LivePerson supplies these same products to additional customers that, on information and belief, do not have licenses under the Lodsys Patents.

14. Based on the foregoing facts, a justiciable controversy has arisen and exists between LivePerson and Lodsys concerning the infringement and invalidity of the Lodsys Patents.

## COUNT I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '908 PATENT

15. Plaintiff incorporates by reference herein all allegations set forth in ¶¶ 1- 14 of this Complaint.

16. LivePerson's products do not infringe any valid claim of the '908 patent.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '908 PATENT

17. Plaintiff incorporates by reference herein all allegations set forth in ¶¶ 1 - 16 of this Complaint.

18. On information and belief, the '908 patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101-116.

## COUNT III

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '834 PATENT

19. Plaintiff incorporates by reference herein all allegations set forth in ¶¶ 1 - 18 of this Complaint.

20. LivePerson's products do not infringe any valid claim of the '834 patent.

## COUNT IV

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '834 PATENT

21. Plaintiff incorporates by reference herein all allegations set forth in ¶¶ 1 - 20 of this Complaint.

22. On information and belief, the '834 patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101-116.

## COUNT V

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '078 PATENT

23. Plaintiff incorporates by reference herein all allegations set forth in ¶¶ 1 - 22 of this Complaint.

24. LivePerson's products do not infringe any valid claim of the '078 patent.

## COUNT VI

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '078 PATENT

25. Plaintiff incorporates by reference herein all allegations set forth in ¶¶ 1 - 24 of this Complaint.

26. On information and belief, the '078 patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101-116.

## COUNT VII

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '565 PATENT

27. Plaintiff incorporates by reference herein all allegations set forth in ¶¶ 1 - 26 of this Complaint.

28. LivePerson's products do not infringe any valid claim of the '565 patent.

## COUNT VIII

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '565 PATENT

29. Plaintiff incorporates by reference herein all allegations set forth in ¶¶ 1 - 28 of this Complaint.

30. On information and belief, the '565 patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101-116.

WHEREFORE, LivePerson requests the following relief in conjunction with the allegations set forth above in this Complaint:

A. Entry of an Order of this Court declaring that the Plaintiff's product does not infringe any of the Lodsys Patents, and that Plaintiff, by its actions neither infringes, induces nor contributes to the infringement of the patent by others;

B. Entry of an Order of this Court declaring the Lodsys Patents invalid under one or more provisions of Title 35 U.S. Code, §§ 101-116;

C. Entry of an Order enjoining Lodsys, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns, and parent and subsidiary entities, and any and all persons in act of concert or participation with

any of them, from threatening to assert or asserting any of the Lodsys Patents against LivePerson, its agents, employees, or customers;

D. Entry of an Order of this Court assessing all costs associated with this action to LivePerson, Inc.;

E. Entry of an Order of this Court declaring this case exceptional and awarding Plaintiff reasonable attorney fees; and

F. All other relief, both interim and permanent, as is just and proper.

## DEMAND FOR JURY TRIAL

LivePerson hereby makes a demand for a trial by jury as to all issues in this lawsuit so triable.

| | |
|---|---|
| Dated: June 15, 2011 | By: */s/ Steven R. Gilford*<br>Steven R. Gilford (IL Bar No. 3121730)<br>Catherine J. Spector (IL Bar No. 6287459)<br>PROSKAUER ROSE LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342<br>Telephone: (312) 962-3550<br>Facsimile: (312) 962-3551<br>sgilford@proskauer.com<br>cspector@proskauer.com<br><br>Steven M. Bauer (application for admission *pro hac vice* forthcoming)<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA 02110<br>Tel: (617) 526-9700<br>Fax: (617) 526-9899<br>sbauer@proskauer.com<br><br>*ATTORNEYS FOR PLAINTIFF LIVEPERSON, INC.* |